DECISION
{¶ 1} Relator, Jerome Henderson, an inmate of the Mansfield Correctional Institution, asks this court to issue a writ of mandamus against respondent, Harry Robert Reinhart, a private attorney, requiring Mr. Reinhart to release public records to Mr. Henderson.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Klatt and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Jerome Henderson, :
 Relator, :
v. : No. 05AP-396
Harold Robert Reinhart, : (REGULAR CALENDAR)
 Respondent. :
 MAGISTRATE'S DECISION Rendered on July 26, 2005 Jerome Henderson, pro se.
Reinhart Law Office, and Harry R. Reinhart, pro se.
 IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action, relator, Jerome Henderson, an inmate of the Mansfield Correction Institution ("MCI") requests that a writ of mandamus issue against respondent Harry R. Reinhart.
Findings of Fact:
 {¶ 5} 1. On April 26, 2005, relator, an MCI inmate, filed this original action against respondent Harry R. Reinhart.
 {¶ 6} 2. According to the complaint, by letter dated December 19, 2004, relator requested that respondent forward to relator copies of documents in respondent's possession.
 {¶ 7} 3. According to the complaint, by letter dated February 6, 2005 and addressed to "Administrator Reinhart Law Offices," relator requested that he be provided copies of documents in the possession of the Reinhart Law Offices.
 {¶ 8} 4. Relator claims that he is entitled to the requested documents pursuant to Ohio's Public Records Act, i.e., R.C. 149.43, and the Federal Freedom of Information Act.
 {¶ 9} 5. According to the complaint, respondent has failed to provide copies of the requested documents.
 {¶ 10} 6. On June 15, 2005, respondent filed a motion to dismiss. In his motion, respondent claims that he is not a public entity governed by the Federal Freedom of Information Act or any similar state law. Respondent claims that he is an attorney in private practice and that his files are not public records. Respondent also claims that he has provided relator with the documents that he requests. In support of his motion to dismiss, respondent submitted an affidavit executed June 15, 2005. The affidavit of respondent, Harry R. Reinhart, states:
The affiant, being first duly sworn and cautioned, hereby state[s] the following to be the truth to the best of his knowledge and belief, to wit:
[One] My name is HARRY R. REINHART and I am the Respondent in the above style action. * * *
[Two] I represent Jerome Henderson, Relator herein. He was convicted and sentenced to death out of Hamilton County. His case is pending in the United States Court of Appeals for the Sixth Circuit. Mr. Henderson is the Appellee in that case, having won in the federal district court.
[Three] I am an attorney engaged in the private practice of law. * * * I was once employed by a public agency, the Ohio Public Defender Commission, but I entered private practice in 1988. I have no contracts with the State Public Defender's Office and have not had one for well over a decade.
[Four] I have now completed duplicating all records that I maintain [in] my [file] for Mr. Henderson. I have done this at my expense. I have mailed all these documents to Mr. Henderson at the Mansfield Correctional Institute [sic]. Mr. Henderson now has a complete copy of my entire file save and except correspondence.
 {¶ 11} 7. On June 17, 2005, the magistrate converted respondent's motion to dismiss to one for summary judgment.
 {¶ 12} 8. On June 23, 2005, the magistrate issued notice that the summary judgment motion was set for submission to the magistrate on July 11, 2005.
 {¶ 13} 9. In response to the notice, relator submitted his own affidavit executed June 30, 2005. Relator's affidavit states, in part:
* * * Attorney-Reinhart is an agent of the state of Ohio, entrusted with protecting the interests of Jerome Henderson, and safeguard Jerome Henderson's civil and constitutional rights, however, by retaliatory conduct, and withholding the required documents Attorney-Reinhart is denying Jerome Henderson access to the Ohio Adult Parole Board Authority[.] * * *
(Emphasis omitted.)
Conclusions of Law:
 {¶ 14} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 15} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 16} Notwithstanding the above portion of relator's affidavit, which appears to be simply a historical restatement of the allegations in the complaint, relator has failed to specifically respond to respondent's claim, as set forth in respondent's affidavit, that respondent has duplicated all the records that he maintains in his office for relator and has mailed those copies to relator at MCI.
 {¶ 17} Civ.R. 56(E) states, in part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 18} Because relator has failed in his affidavit to set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate.
 {¶ 19} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment.